```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

SFR SERVICES LLC a/a/o
JOHN AND TANIS DEZAO,

     Plaintiff,

v.                                Case No. 8:20-cv-2333-VMC-TGW

CASTLE KEY INDEMNITY COMPANY,

     Defendant.
_____/
```

**ORDER**

This matter comes before the Court upon consideration of Defendant Castle Key Indemnity Company's Motion for Summary Judgment (Doc. # 44), filed on July 13, 2021. Plaintiff SFR Services, LLC failed to respond to the Motion and the time to respond has expired. The Motion is granted.

I.  **Background**

The home at 1971 Coconut Palm Cir, North Port, Florida, was built in 2001 and was subsequently purchased by John and Tanis Dezao. (Id. at Ex. C at 2). The tile roof is original. (Id. at McCann Aff. at ¶ 3 & Ex. 2 at 16). Castle Key insured the property under policy 971534055 for the term August 30, 2017, through August 30, 2018. (Id. at Ex. C).

Hurricane Irma occurred September 10, 2017. John Dezao did not observe any roof leaks or damage due to Hurricane

1

Irma. (Id. at John Dezao Dep. at 27:8-28:16). A tree fell, but it did not damage the home. Although it was undamaged by the storm, the Dezaos had their pool cage replaced. (Id. at 27:8-28:8).

Months later, in May 2018, the Dezaos reported a leak which occurred during a heavy rainstorm. They hired Suncastle Roofing to do repair work. (Id. at John Dezao Dep. at 12:3-13:18, 31:8-22). There have been no leaks since that repair work. (Id. at 39:3-6). The Dezaos reported a claim for the leak for which Castle Key paid $1,034 for interior damage caused by water. (Id. at 34:3-25).

But, in September 2019 — over a year after the policy period had expired — they retained SFR, which is in the roofing business. SFR's representative was a salesman named Thomas Kenney. (Id. at 51:6-53:17). On September 20, 2019, John Dezao made a claim for roof replacement for damage purportedly the result of Hurricane Irma. (Id. at 31:14-19).

For its part, Castle Key retained Dennis McCann, PE, who inspected the roof on December 11, 2019, and observed no evidence of storm damage and no basis for replacing the roof. (Id. at McCann Aff. at ¶ 5 & Ex. 2). Specifically, McCann avers:

> The roof displayed no damage caused by Hurricane Irma. There were no indications of wind as a causative factor. Rather, loose tiles and corner-cracked [tiles] are attributable to normal wear and tear expected over the life of the roof. Other observed conditions were the result mechanical loading and/or installation error, not storm damage.

(Id. at ¶ 5). Castle Key denied the claim.

SFR, to whom the Dezaos assigned their claim, then initiated this action in state court on August 26, 2020, asserting a claim for breach of contract against Castle Key. (Doc. # 1-1). Castle Key filed its answer in state court. (Doc. # 1-2). It then removed the case to this Court on October 5, 2020, based on diversity jurisdiction. (Doc. # 1). After removal, the Court entered its Case Management and Scheduling Order (Doc. # 12) and the case proceeded through discovery.

Castle Key moved for summary judgment on July 13, 2021. (Doc. # 44). SFR failed to respond by the August 3, 2021, deadline set by Local Rule 3.01(c). Thus, the Motion is subject to treatment as unopposed.

II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue

for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

Finally, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Mia., Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). "Even in an unopposed motion [for summary judgment], . . . the movant is not absolve[d] . . . of the burden of showing that it is

entitled to a judgment as a matter of law, and the Court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." State Farm Mut. Auto. Ins. Co. v. First Care Sol., Inc., 232 F. Supp. 3d 1257, 1262 (S.D. Fla. 2017)(citation and internal quotation marks omitted).

### III. Analysis

Castle Key argues that summary judgment is appropriate because SFR cannot "show that the property was damaged by Hurricane Irma" and, thus, damaged during the policy period. (Doc. # 44 at 3). The Court agrees.

Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999). "[A]n insured seeking coverage pursuant to an 'all risks' policy must prove that a loss occurred to the property during the policy period." Citizens Prop. Ins. Corp. v. Munoz, 158 So. 3d 671, 674 (Fla. 2nd DCA 2014). As the policy period in this case lasted between August 30, 2017, to August 30, 2018 (Id. at Ex. C), Castle Key was only required to cover losses incurred during this period. And because the complaint alleges the roof damage was caused by Hurricane Irma in September 2017 (Doc. # 1-1 at

6

¶ 12), SFR must show that there was damage to the roof caused by Hurricane Irma to establish its breach of contract claim.

Based on the affidavit and expert report of McCann, however, no hurricane damage was present on the roof. (Doc. # 44 at McCann Aff. at ¶ 5 & Ex. 2). Rather, the "loose tiles and corner-cracked [tiles] are attributable to normal wear and tear expected over the life of the roof." (Id. at ¶ 5). SFR has failed to respond to the Motion and has not presented any evidence that Hurricane Irma damaged the roof or that the roof was otherwise damaged during the policy period. Without any evidence to dispute McCann and Castle Key's other evidence, there is no genuine dispute of material fact regarding whether the roof was damaged by Hurricane Irma during the policy period.

Thus, summary judgment is granted in favor of Castle Key and against SFR.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Castle Key Indemnity Company's Motion for Summary Judgment (Doc. # 44) is **GRANTED.** The Clerk is directed to enter judgment in favor of Castle Key Indemnity Company and against Plaintiff SFR Services, LLC. Thereafter, the Clerk is directed to **CLOSE** the case.

7

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of August 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE